**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

UNITED STATES OF AMERICA     *
     *
     *
VS.     *     NO: 4:93CR00163  SWW
     *
CARLOS LAMONT GIVENS     *
     *
     *
     *

## ORDER

Before the Court is Defendant Carlos Lamont Givens' *pro se* motion to terminate his supervised release (docket entry #111) and the United States' response in opposition (docket entry #114).  After careful consideration, the motion will be denied.

On July 8, 1994, the Court sentenced Defendant to serve 188 months' imprisonment and five years' supervised release for conspiracy to distribute cocaine base, distribution of cocaine, and distribution of cocaine base.   By order entered October 23, 2003, the Court reduced Defendant's sentence to 176 months' imprisonment, pursuant to Fed. R. Crim. P. 35.  Currently, Defendant is serving out his term of supervised release, which commenced on April 11, 2007 and is scheduled to end on April 10, 2010.

In support of his motion, Defendant states that he has maintained employment and complied with all terms of his supervised release, and he will begin classes at the Pulaski Technical College in an effort to advance his career.

The United States Probation Office ("USPO") reports that Defendant was employed from April 2007 through April 2008, when he was laid off due to economic conditions and his inability to work due to an on-the-job injury.   Additionally, USPO notes Defendant's plans to attend Pulaski Technical

1

College and reports that all drug screens have been negative.  Finally, the USPO states that Defendant

has a criminal history score of four and that his criminal history includes convictions for theft by

receiving and robbery.

The United States objects to early termination of Defendant's supervised release, stating that

there has been one motion to revoke,[1] and Defendant has "had contact" with Little Rock police on two

occasions.  The United States takes the position that "continuation of supervised release with this

defendant would benefit him more than early release."  Docket entry #114.        A district court may

terminate supervised release "if it is satisfied that such action is warranted by the conduct of the

defendant released and the interest of justice."  18 U.S.C.

§  3583(e)(1).  In making its determination, the Court must consider factors set forth under 18 U.S.C. §

3553(a), to the extent that they are applicable.   Section 3553(a)  factors include, among others, the nature

and circumstances of the offense, the history and characteristics of the defendant, and the need to provide

the defendant with correctional treatment in the most efficient manner.  The Court finds that in

consideration of the factors listed above, the motion for early termination of supervised release (docket

entry #111) should be and it is hereby DENIED.

IT IS SO ORDERED THIS 23RD DAY OF JULY, 2009

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

_____

[1]On October 9, 2007, the Government moved to revoke Defendant's supervised release,
reporting that Defendant had been charged, in state court, with terroristic threatening.  After a
hearing, the Court denied the motion to revoke, without prejudice.  Defendant denied the charge
of terroristic threatening, which was dismissed after one year.